UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-557

BRIAN KEITH WHITTINGHILL, SR., Administrator
of the Estate of Brian Keith Whittinghill, Jr., Deceased                    PLAINTIFF

V.

PRUDENTIAL PROPERTY AND CASUALTY
COMPANY
and
LIBERTY MUTUAL INSURANCE COMPANY                                            DEFENDANTS

**MEMORANDUM OPINION**

This declaratory judgment action concerns the scope of an auto insurance policy which Prudential Property and Casualty Company issued to Shirley Gentry ("Ms. Gentry").[1] Defendants have moved for summary judgment. The parties have submitted briefs and the participated in a conference with the Court. For the reasons explained in this memorandum, the Court concludes that Defendants are not liable under the Policy for any damages arising from the death of the insured's grandson, Brian Keith Whittinghill, Jr. ("Mr. Whittinghill"), in a traffic accident on March 6, 2004.

I.

On May 18, 2001, Ms. Gentry obtained a personal automobile insurance policy from Prudential that listed a 1995 Ford Taurus as the insured vehicle (the "Policy"). Approximately two years later, Ms. Gentry added a Mercury Cougar as an insured vehicle on the Policy. Ms. Gentry owned the Cougar, but did not drive it. Rather, Mr. Whittinghill, Ms. Gentry's grandson,

---

[1] Liberty Mutual Insurance Company is the successor to Prudential Property and Casualty Company.

used the Cougar on a regular basis. After Mr. Whittinghill drove the Cougar for a year, Ms. Gentry bought a Hyundai Tiburon for his use. Mr. Whittinghill was the primary driver and he kept the car at his parents' house.

Mr. Whittinghill died in a traffic accident on March 6, 2004. When the accident occurred, he was a passenger in a vehicle owned by Michael J. Bourque, Sr and operated by Michael J. Bourque, Jr. That vehicle, of course, was not explicitly covered by the Policy. However, Mr. Whittinghill's estate (the "Whittinghill Estate") filed a declaratory judgment action against Defendants seeking a declaration that Plaintiff is entitled to underinsured motorist ("UIM") coverage. Defendants do not deny that the Policy was in effect at the time of the accident.

Whittinghill Estate bases its claim on a series of oral statements allegedly made by Defendants' representatives after the Policy was executed. Plaintiff alleges that each time Ms. Gentry added a vehicle to the Policy, she contacted Defendants and spoke to their representatives. During each of those conversations, she told the representatives that Mr. Whittinghill was the primary driver of the cars and that he did not live in her household. She also told them that she wanted Mr. Whittinghill to have the same coverage that she had. In response, the customer services representatives allegedly told her that Mr. Whittinghill would have the same coverage that she had.

II.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The interpretation and construction of

2

insurance contract provisions are questions of law for the court, unless disputed facts are involved. *See Ayers v. C & D General Contractors*, 237 F. Supp. 2d 764, 768 (W.D. Ky. 2002).

Plaintiff claims that Mr. Whittinghill was entitled to UIM coverage under the Policy. Initially, this is a question of pure contract interpretation. In Kentucky, where the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written. *Kemper Nat. Ins. Companies v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002) (citation omitted). In this case, the plain language of the policy, read as a whole, does not provide UIM coverage for Mr. Whittinghill's accident.

Generally, the Policy provides UIM coverage to "an insured" who suffers bodily injury in a traffic accident if "[t]he owner or driver responsible for the accident has liability insurance or a liability bond in an amount that is less than the limits" of the Policy's coverage. There appears to be no question that the driver responsible for the accident had liability coverage less than the limits of the Policy's coverage. The issue in dispute is whether Mr. Whittinghill qualified as "an insured" within the meaning of the Policy's UIM provision.

Mr. Whittinghill was injured in a car that neither he nor Ms. Gentry owned. The Policy specifically defines the circumstances under which one occupying a "non-owned car" may be an insured for purposes of receiving UIM coverage. Mr. Whittinghill would be entitled to UIM coverage only if he qualified as "an insured in a non-owned car." To so qualify, one must be: (1) the named insured on the Declarations of the Policy; or (2) the spouse of the named insured provided that he/she lives in the insured's household; or (3) a relative of the insured if he/she lives in the insured's household. Mr. Whittinghill was not named as an insured on the Policy's Declarations; he was not a spouse of a named insured; and although he was Ms. Gentry's

3

grandson, he did not live in her household. Therefore, he does not qualify as "an insured in a non-owned car." From this analysis, it is clear that under the clear language of the Policy, Mr. Whittinghill is not entitled to UIM coverage in these circumstances.

Even if Defendants' customer service representatives told Ms. Gentry that Mr. Whittinghill would receive the same coverage that she had, those oral statements could not constitute a valid modification of the written agreement. The Policy provides that "[n]o changes can be made to any part of this policy except by Endorsement issued by us." For a putative change to constitute an Endorsement it must be expressly included in the Declarations. Although the customer service representatives may have told Ms. Gentry that her Policy would provide Mr. Whittinghill exhaustive coverage, no relevant Endorsement was issued or expressly included on the Declarations.

III.

Plaintiff does not actually make other legal claims. Nevertheless, the Court will examine his arguments to see if any have potential merit.

Plaintiff argues that the statements constituted affirmative misrepresentations. The only legal doctrine potentially available to Plaintiff is equitable estoppel. Plaintiff has not asserted a claim for promissory estoppel or misrepresentation. Instead, he has only sought a declaration of rights under the contract. Equitable estoppel may be invoked by an innocent party who has been fraudulently induced to change his position in reasonable reliance on an otherwise unenforceable oral agreement.[2] *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 643 (Ky.

---

[2] Plaintiff asserts that he is relying on equitable principles reaffirmed in *Pan Pan-American Life Ins. Co. v. Roethke*, 30 S.W.3d 128 (Ky. 2000). In that case, the Kentucky Supreme Court held that an insurance company could be held vicariously liable for an affirmative misrepresentation made by an agent within the scope of his authority. *Id.* at 132-33; see also Ky. Rev. Stat. § 304.9-035 ("Any insurer shall be liable for the acts of its agents

Ct. App. 2003) (citing *Bennett v. Horton*, 592 S.W.2d 460 (Ky. 1979)).

Even if Plaintiff did assert an equitable estoppel claim, however, he cannot prove that Mr. Whittinghill reasonably relied on the alleged misrepresentations. As mentioned above, the written Policy agreement expressly provided that no changes could be made to the policy unless Defendants issued an endorsement. Accordingly, it was unreasonable for Ms. Gentry or Mr. Whittinghill to rely on oral statements allegedly extending coverage to Mr. Whittinghill without the issuance of an endorsement by the insurance company. *See id.* (finding no reason to apply the doctrine of equitable estoppel to enforce an oral promise because the plaintiff had "acknowledged in writing that no oral agreements or understandings existed with respect to licenses").

As another alternative, Plaintiff argues that the insurance policy Ms. Gentry purchased was "illusory" and that its unreasonable terms cannot be given legal effect. *See, e.g.*, *Hamilton v. Allstate Ins. Co.*, 789 S.W.2d 751, 753 (Ky. 1990) ("Under the doctrine of reasonable expectations, we have held that when one has bought and paid for an item of insurance coverage, he may reasonably expect it to be provided"). Specifically, he argues that because Mr. Whittinghill was the primary driver of the Hyundai Tiburon, the Policy did not cover Mr. Whittinghill under any circumstances and that therefore, the Policy did not provide the coverage that Ms. Gentry reasonably expected. However, the Policy did cover Mr. Whittinghill. It provided liability coverage, medical payments, uninsured motorist coverage, and underinsured motorist coverage to anyone driving a covered vehicle as long as the driver had Ms. Gentry's

---

when the agents are acting in their capacity as representatives of the insurer and are acting within the scope of their authority."). However, that case is not controlling in the instant one. There is no question that Defendant insurance companies would be bound by the customer service representative's statements if those statements were actionable. The question, though, is whether those statements are actionable.

permission to drive. The fact that Mr. Whittinghill was the primary driver of the Tiburon did not affect his coverage. If he had been driving a vehicle listed on the policy–including the Hyundai Tiburon–at the time he was killed, he would have been covered. Therefore, the Policy was not illusory within the meaning of *Hamilton*. It provided extensive coverage to Mr. Whittinghill; however, it did not provide coverage under the particular circumstances found here.

Plaintiff did not assert a claim for misrepresentation in his Complaint. However, even if he had, he would not have been entitled to relief. Generally, Kentucky law does not recognize misrepresentations of law, only misrepresentations of fact. *Moseley v. Owensboro Mun. Hous. Comm'n*, 252 S.W.2d 880, 881 (Ky. 1952) ("A false representation as to law does not amount to fraud, in the absence of a trust or confidential relation between the parties."). Plaintiff alleges that a misrepresentation occurred when the customer service representatives told Ms. Gentry that Mr. Whittinghill would receive the same coverage that she had. These statements can, at best, be construed as statements regarding the legal effect of the Policy. Therefore, because there is no statement of fact, the statements are not actionable as fraud. *See Fields v. Life & Cas. Ins. Co. of Tenn.*, 349 F. Supp. 612 (E.D. Ky. 1972) (holding that an insurance agent's misrepresentation to plaintiff that continuing to pay premiums on ex-husband's policy would entitle her to continued beneficiary rights is a mere misrepresentation of law and not actionable).

The Court will enter an order consistent with this Opinion.

cc:  Counsel of Record